UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MIKE SETTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:19-CV-515-TAV-HBG |
| | ) |
| MICHAEL PARRIS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

The Court is in receipt of a motion for leave to proceed *in forma pauperis* [Doc. 1], a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] [Doc. 2], and a motion for a declaratory order [Doc. 3]. For the reasons set forth below, Petitioner's motion to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, the petition [Doc. 2] will be **DENIED as frivolous**, the motion for declaratory order [Doc. 3] will be **DENIED as moot**, and this action will be **DISMISSED**.

## I. FILING FEE

It is apparent from his motion for leave to proceed *in forma pauperis* [Doc. 1] that Petitioner cannot pay the filing fee. As such, this motion [*Id.*] will be **GRANTED**.

## II. PRELIMINARY REVIEW

Promptly after the filing of a petition for habeas corpus, the court must review the petition to determine whether "it plainly appears from the face of the petition and any

---

[1] While Petitioner states in his petition that he has filed this action under § 2241, he challenges the fact or duration of his imprisonment. As such, the Court construes Petitioner's petition as filed under § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. Where the court makes such a finding, the court should summarily dismiss the petition. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (providing that a district court has the duty to "screen out" petitions that lack merit on their face).

## III. ANALYSIS

In his petition, Petitioner seeks to challenge the Tennessee Department of Correction's decision not to certify Petitioner for a parole hearing and states that he "is challenging the procedures used to determine his parole eligibility date" based on his assertion that these procedures amount to a due process violation because Tennessee has adopted statutes and/or rules creating a liberty interest in parole [Doc. 2 p. 2–6].

However, Petitioner previously filed a substantively identical claim under § 1983 regarding a denial of a parole eligibility hearing that a Court in this District dismissed at screening due to its failure to allege a constitutional violation. *Settle v. Tennessee Department of Correction*, No. 3:11-CV-567-TWP-HBG (E.D. Tenn. April 18, 2012). Petitioner appealed this dismissal to the United States Court of Appeals for the Sixth Circuit, which affirmed the district court's judgment. *Settle v. Tennessee Department of Correction*, 487 F. App'x 290, 290–91 (6th Cir. 2012). In doing so, the Sixth Circuit set forth the following reasoning:

> Settle claims that his due process rights were violated when he was denied a parole hearing in 2011. To establish a due process violation, a complainant must first show that he or she has a protected property or liberty interest in

2

> parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 235 (6th Cir.1991). A liberty interest in parole eligibility derives only from state law. *See, e.g., Crump v. Lafler,* 657 F.3d 393, 397 (6th Cir.2011); *Inmates of Orient Corr. Inst.,* 929 F.2d at 235. We have previously held that Tennessee law has not created a liberty interest in parole eligibility. Tenn. Code Ann. §§ 40–28–117(a) and 40–3–503(b); *Wright v. Trammell,* 810 F.2d 589, 590–91 (6th Cir.1987). Because Settle has no substantive liberty interest in parole, the procedures used to deny him parole cannot be challenged. *See Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Sweeton v. Brown,* 27 F.3d 1162, 1164–65 (6th Cir.1994) (en banc). Accordingly, Settle's due process claim is without merit.

*Id.*

Also, Petitioner has recently filed a substantively similar claim for habeas corpus relief alleging a denial of due process arising out of a denial of a parole hearing that he alleged resulted from incorrect parole eligibility date calculations that this Court dismissed because Petitioner did not allege a constitutional violation. *See Settle v. Parris*, No. 3:19-CV-302-TAV-DCP [Docs. 10 and 11] (E.D. Tenn. Oct. 16, 2019).[2] In doing so, the Court set forth the following analysis:

> Petitioner's allegations do not raise a constitutional issue. It is fundamental that a petitioner is only entitled to federal habeas relief if he is imprisoned in violation of the federal constitution or federal laws. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). It is also well established that there is no constitutional right to

---

[2] Petitioner is a prolific filer of federal civil actions seeking habeas corpus relief and relief under § 1983. Thus, it is likely that Petitioner has filed other actions asserting similar claims that would be relevant to this action. For purposes of judicial efficiency, however, the Court only cites these two actions, as they are sufficient to establish the frivolity of his claim for habeas corpus relief in this action.

3

> parole. *See Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Rather, a protected liberty interest in parole exists only when State law creates "a legitimate claim of entitlement to it[.]" *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) (quoting *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 422 U.S. 1, 7 (1979)).
>
> Tennessee inmates do not have an entitlement to parole; they have, at most "a mere hope that the benefit will be obtained." *Wright v. Trammell*, 810 F.2d 589, 590-91 (6th Cir. 1987) (citation omitted); *see also* Tenn. Code Ann. §§ 40-28-117(a) (defining parole as "a privilege and not a right" and holding that if parole board determines that parole is appropriate "the prisoner may be paroled"). Because Tennessee law provides the parole board with discretion in determining parole eligibility, Petitioner has no protected liberty interest in parole and no basis for a challenge to the calculation of his parole eligibility.

*Id.* [Doc. 10 p. 3–4].

For these same reasons, the petition for habeas corpus relief in this action fails to state a cognizable claim for violation of Petitioner's constitutional rights. *Id.*

## IV. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court finds that jurists of reason would not debate the Court's finding that Petitioner has not made a substantial showing of the denial of a constitutional right. As such, a COA shall not issue.

4

## V. CONCLUSION

For the reasons set forth above, Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, this § 2254 petition [Doc. 2] will be **DENIED as frivolous,** Petitioner's motion for a declaratory order [Doc. 3] will be **DENIED as moot**, and this action will be **DISMISSED**. Also, Petitioner will be **NOTIFIED** that continued filing of meritless actions based on substantively similar facts and legal theories may subject him to filing restrictions or other sanctions. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE